# EXHIBIT 2

40172077_1.DOC

106756.00601/40172077v.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                                        Case No. 07-10416-KJC
NEW CENTURY TRS HOLDINGS, INC.,
f/k/a NEW CENTURY FINANCIAL CORPORATION,                      Chapter 11
a Delaware Corporation, *et al.*,[1]
                                                              Jointly administered
                                  Debtors.
------------------------------------------------------------x
RICHARD D. AUSTIN, LAUREN V. LIVA, MICHAEL
VANDALL, SCOTT RASMUSSEN, MARTHA F.
MORELAND and CARLA LYLES,
on their own behalf and on behalf of all other persons
similarly situated,
                                                              Adv. Pro. No. 07-50970-KJC
                                  Plaintiffs,

         v.

NEW CENTURY TRS HOLDINGS, INC., NEW
CENTURY FINANCIAL CORPORATION, NEW
CENTURY MORTGAGE CORPORATION, and
HOME123 CORPORATION,

                                  Defendants.
------------------------------------------------------------x

ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 7023 AND 9019(a) PRELIMINARILY
APPROVING SETTLEMENT BETWEEN THE DEBTORS, THE COMMITTEE
AND THE WARN CLASS PLAINTIFFS, (II) APPROVING THE FORM AND
MANNER OF NOTICE TO CLASS MEMBERS OF THE SETTLEMENT, (III)

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

1

# SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (IV) GRANTING RELATED RELIEF

The Court has considered the joint motion of the New Century Liquidating Trust and the WARN Class Plaintiffs for an Order (1) preliminarily approving the proposed Settlement and Release Agreement (the "*Settlement Agreement*") settling WARN Act class claims and certain other claims; (2) approving the form and manner of notice to Class Members of the proposed Settlement Agreement and their right to opt-out of the Class (to the extent not previously afforded the opportunity to do so) and object to the Settlement Agreement; and (3) scheduling a Fairness Hearing to consider the final approval of the Settlement Agreement (the "*Joint Motion*"). The Court finds that:

A.  A class was previously certified comprised of the individuals identified in *Exhibit 3* to the Settlement Agreement annexed to the Joint Motion as *Exhibit 1* (the "*Class Members*") and the best notice practicable under the circumstances was previously given to certain Class Members of such class certification and their right to opt-out of or object to the Class action.

B.  Additional Class Members were subsequently identified to whom the prior class notice was not given and who had no opportunity to opt-out of or object to the Class action (the "*New Class Members*").

C.  Notice should be given to all the Class Members as well as those individuals designated as Ineligible Class Members, all of whom are listed on *Exhibit 3* and *Exhibit 4* to the Settlement Agreement, respectively, affording them the opportunity to object to the proposed Settlement Agreement and, with respect to the New Members, to opt-out of the Class.

D.  Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted.

2

E. The Settlement Agreement should be preliminarily approved.

F. Notice to all individuals identified in *Exhibit 3* and *Exhibit 4* to the Settlement Agreement by first class mail, postage prepaid, at their last known address as indicated in the Debtors' records (and as updated by Class Counsel's searches for current addresses) is reasonable and the best notice practicable under the circumstances and such mailing should be made by Class Counsel within ten (10) days following the entry of this Order.

G. The contents of the notice of settlement (the "*Additional Class Notice*") annexed to the Joint Motion as *Exhibit 6* meet the requirements of Fed. R. Civ. P. 23(e)(2)(B). The Additional Class Notice states the nature of the action, and the issues and defenses. The Additional Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members. The Additional Class Notice also summarizes the terms of the Settlement Agreement, the right of each Class Member to opt-out of the Class (if not previously afforded the opportunity to do so) or object to the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Additional Class Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims and the payment of Class Counsel's attorneys' fees. *See* Fed. R. Civ. P. 23(h).

H. A hearing on the final approval of the Settlement should be held no sooner than the earliest date for entry of a binding order under 28 U.S.C. § 1715(a)(d) so that Class Members will have sufficient time from the mailing of Additional Class Notice to secure further information regarding the relief sought by the Joint Motion, to opt-out of the Class (if not previously afforded the opportunity to do so) or to object to the proposed Settlement should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

877285.012-1490552.2
127340.01600/40176242v.1

I.   Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Joint Motion is GRANTED.

2. The Settlement Agreement is hereby preliminarily approved.

3. The form of the Additional Class Notice and the service of the Additional Class Notice by Class Counsel by first class mail, postage prepaid, to each individual identified in *Exhibit 3* and *Exhibit 4* to the Settlement Agreement at his or her last known address contained in the Defendant's records (as updated by Class Counsel's searches for current addresses) is hereby approved.

4. The Additional Class Notice shall be mailed by first class mail by Class Counsel to the individuals identified in *Exhibit 3* and *Exhibit 4* to the Settlement Agreement within ten (10) days following the entry of this Order.

5. Objections or other responses to the final approval of the Settlement Agreement are to be filed with the Clerk of the Court and mailed to the entities listed in the Additional Class Notice, via certified mail, return receipt requested by no later than seven (7) days prior to the hearing for final consideration and approval of the Settlement Agreement (the "*Fairness Hearing*").

6. The Court shall conduct a Fairness Hearing on _____, 2008 at _____ .m.

Dated: Wilmington, Delaware
       September __, 2008

_____
UNITED STATES BANKRUPTCY JUDGE