UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:  
NEW CENTURY TRS HOLDINGS, INC.,  
f/k/a NEW CENTURY FINANCIAL CORPORATION,  
a Delaware Corporation, et al.,[1]

Debtors.

Case No. 07-10416-KJC

Chapter 11

Jointly administered

---------------------------------------------------------------x
RICHARD D. AUSTIN, LAUREN V. LIVA, MICHAEL VANDALL, SCOTT RASMUSSEN, MARTHA F. MORELAND and CARLA LYLES,  
on their own behalf and on behalf of all other persons similarly situated,

Plaintiffs,

v.

NEW CENTURY TRS HOLDINGS, INC., NEW CENTURY FINANCIAL CORPORATION, NEW CENTURY MORTGAGE CORPORATION, and HOME123 CORPORATION,

Defendants.

Adv. Pro. No. 07-50970-KJC

---------------------------------------------------------------x

**FINAL ORDER APPROVING SETTLEMENT BETWEEN THE DEBTORS, THE COMMITTEE AND THE WARN CLASS PLAINTIFFS**

Upon consideration of the joint motion dated August 27, 2008 of the New Century Liquidating Trust and the WARN Class Plaintiffs for an order approving the proposed

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

1

877285.012-1490552.2

*Settlement and Release Agreement* (the "*Settlement Agreement*")[2] settling WARN Act class claims and certain other claims (the "*Joint Motion*"); and this Court having entered an Order on September 18, 2006 granting preliminarily approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for opting out and objections to be given to all Class Members; and it appearing that due notice has been given to the Class of the proposed Settlement Agreement, the right to opt-out of the Class, the right to object to the proposed Settlement Agreement and the right to appear in person or by counsel at the fairness hearing; and it appearing that no other and further notice is required and such notice is deemed proper and sufficient under the circumstances; and the Court having held a fairness hearing on December 18, 2008 to consider final approval of the Settlement Agreement; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement is APPROVED.

2. Effective upon the payment of the Settlement Fund to Class Counsel, any and all claims that have been scheduled on behalf of, or filed by, the Class or the Class Members in these chapter 11 cases, for any alleged failure to provide adequate notice under the WARN Act or arising out of the termination of their employment with the Debtor-Defendants, whether based on the WARN Act or any other federal, state or local law, regulation or ordinance, including, without limitation, the Individual Proofs of Claim, are disallowed and expunged in their entirety.

3. The Liquidating Trustee and the claims agent appointed in these chapter 11 cases are each authorized and directed to make such revisions to the Debtors' schedules of assets and liabilities and/or the claims registry maintained in these cases as are necessary to reflect the relief

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion or Settlement Agreement, as appropriate.

granted pursuant to this Order.

4. This Court shall retain jurisdiction, even after the closing of these chapter 11 cases, with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
December 16, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

877285.012-1490552.2